UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| CEQUENT PERFORMANCE PRODUCTS, INC., | Case No. |
| Plaintiff, | |
| v. | Judge |
| B & W CUSTOM TRUCK BEDS, INC., d/b/a B & W TRAILER HITCHES, | |
| Defendant. | Demand For Jury Trial |
| _____/ | |

Timothy J. Lowe (P68669)
MCDONALD HOPKINS LLC
39533 Woodward Ave., Suite 318
Bloomfield Hills, Michigan 48304
T 248.646.5070
F 248.646.5075
tlowe@mcdonaldhhopkins.com

and

David B. Cupar (OH 0071622)
Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
T 216.348.5400
F 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com
_____/

{2445559:}

## Complaint

For its complaint against defendant B & W Custom Truck Beds, Inc., d/b/a B & W Trailer Hitches, ("B&W"), plaintiff Cequent Performance Products, Inc. ("Cequent") states:

### Summary Of Case

1. This is an action for damages and injunctive relief to remedy the infringement by B&W of United States Patent No. 5,382,109 (the "'109 Patent") that is assigned to and owned by Cequent. The '109 Patent is directed to a coupling device for use in the trailer industry. A copy of the '109 Patent is attached as **Exhibit 1**.

### The Parties

2. Cequent is a Delaware corporation, having its principal place of business at 47774 Anchor Court West, Plymouth, Michigan 48170, that conducts business in this judicial district.

3. B&W is a Kansas corporation, having its principal place of business at 1216 Highway 224, Humboldt, Kansas 66748, that also conducts business in this judicial district.

### Jurisdiction And Venue

4. This Court has subject matter jurisdiction over Cequent's patent infringement claim under 28 U.S.C. § 1331 and § 1338 because it arises under federal law.

5. This Court has specific personal jurisdiction over B&W because, among other things, it has offered for sale, shipped, and sold products that directly and indirectly infringe the '109 patent in Michigan.

6. This Court also has general personal jurisdiction over B&W because, among other things, it has regularly solicited business in Michigan; it engages in a persistent course of conducting business in Michigan; and it derives substantial revenue from goods sold in Michigan.

7. Venue is proper under 28 U.S.C. § 1391 because B&W is subject to personal jurisdiction in this district under Michigan law and, therefore, "resides" in the Eastern District of Michigan according to federal law.

## Relevant Facts

8. Since around 1950, Cequent and its predecessors have continually designed, produced, manufactured and marketed a wide array of towing and trailer hitch products and accessories for trailer equipment manufacturers, wholesaler-distributors, and retail markets, including a series of trailer couplers.

9. On January 17, 1995, the '109 patent entitled "Coupling Device" issued.

10. Cequent is and has been through its predecessors the owner of all right, title and interest to the '109 patent, including the right to recover for infringement since the issuance of the '109 patent.

11. B&W manufactures and sells towing and trailer products.

12. B&W manufactures, offers for sale, sells, uses, or imports trailer coupling devices in the United States that directly infringe, and that contribute to and induce infringement of, the '109 patent. The infringing products include, but are not necessarily limited to, B&W's "Extend-A-Goose" coupler, product no. 4200.

13. Cequent has not licensed or otherwise granted B&W any rights under the '109 patent.

14. B&W promotes its business on a website at www.turnoverball.com.

15. A true copy of a brochure presently available on B&W's website, which advertises the infringing Extend-A-Goose coupler, is attached as **Exhibit 2**.

16. B&W's website identifies well over 25 dealers in Michigan that sell B&W's turnover ball products, which include the infringing Extend-A-Goose coupler.

## Count One
*Patent Infringement Under The Patent Act, 35 U.S.C. § 271*

17. Cequent incorporates by reference all allegations in all preceding paragraphs of this Complaint as if fully rewritten herein.

18. B&W has directly infringed, and continues to directly infringe, one or more claims of the '109 patent by making, using, importing, offering for sale, or selling trailer coupling devices in the United States that are covered by the '109 patent.

19. B&W has actively induced infringement under 35 U.S.C. § 271(b) because it knew, or should have known, that making, using, importing, offering for sale, and selling tapered couplers, or other material parts of the patented device,

would induce others, especially the end users of its tapered coupler products, to actually infringe the '109 patent.

20. B&W has contributed to infringement under 35 U.S.C. § 271(c) by importing, offering for sale, and selling tapered couplers or other material parts of the patented device, none of which are staple articles or commodities of commerce suitable for substantial non-infringing use, with knowledge that the parts are especially made or especially adapted for use in an infringement of the '109 patent.

21. B&W's infringement of the '109 patent was, and continues to be, willful and deliberate; and, upon information and belief, B&W will continue its infringing activities unless restrained by this Court.

22. Upon information and belief, B&W's infringement of the '109 patent is exceptional under 35 U.S.C. § 285.

23. Upon information and belief, B&W's activities were done with an intent to, and in fact did allow B&W to, derive benefit from use of Cequent's '109 patent.

24. B&W has profited, and will continue to profit, by its infringing activities.

25. Cequent has been damaged by B&W's infringing activities and will continue to be irreparably injured unless the infringing activities are enjoined by this Court.

## **Prayer for Relief**

**WHEREFORE**, Cequent prays for judgment against B&W as follows:

(A)  A finding that B&W has directly infringed one or more claims of U.S. Patent No. 5,382,109 under 35 U.S.C. § 271(a).

(B)  A finding that B&W has actively induced infringement of one or more claims of the '109 patent under 35 U.S.C. § 271(b).

(C)  A finding that B&W has contributed to the infringement of one or more claims of the '109 patent under 35 U.S.C. § 271(c).

(D)  Preliminary and permanent injunctive relief enjoining B&W, its officers, directors, managers, employees, affiliates, agents, representatives, parents, subsidiaries, successors, assigns, those in privity with it, and all others aiding, abetting, or acting in concert or active participation therewith, from (1) making, using, selling, offering to sell, or importing into the U.S. any coupler device covered by the '109 patent, including B&W product no. 4200; and (2) otherwise directly or indirectly infringing the '109 patent.

(E)  Compensatory damages under 35 U.S.C. § 284.

(F)  Treble damages under 35 U.S.C. § 284.

(G)  An order that B&W account to Cequent for all sales, revenues, and profits derived from its infringing activities and that three times those profits be disgorged and paid to Cequent under 35 U.S.C. § 284.

(H)  Attorneys' fees under 35 U.S.C. § 285.

(I)  Pre-judgment and post-judgment interest.

(J)  Costs of the action.

(K)  Such other and further relief as allowed at law or in equity that the Court deems to be appropriate.

   s/ David B. Cupar
Timothy J. Lowe (P68669)
MCDONALD HOPKINS LLC
39533 Woodward Ave., Suite 318
Bloomfield Hills, Michigan 48304
T 248.646.5070
F 248.646.5075
tlowe@mcdonaldhhopkins.com

and

David B. Cupar (OH 0071622)
Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
T 216.348.5400
F 216.348.5474
dcupar@mcdonaldhopkins.com
mcavanagh@mcdonaldhopkins.com

*Counsel for*
*Cequent Performance Products, Inc.*

## Jury Demand

Plaintiff Cequent Performance Products, Inc. hereby demands a jury trial for all issues so triable.

      s/ David B. Cupar
*Counsel for*
*Cequent Performance Products, Inc.*

{2445559:}